**UNITED STATES of America ex rel. Hercules BUTLER, Appellant,**

v.

**Joseph R. BRIERLEY, Superintendent, State Correctional Institution, Philadelphia, Pennsylvania, Appellee.**

No. 16698.

United States Court of Appeals Third Circuit.

Submitted on Briefs Dec. 4, 1967.

Decided Dec. 22, 1967.

Hercules Butler, pro se.

William H. Lamb, Asst. Dist. Atty., A. Alfred Delduco, Dist. Atty., Chester County, West Chester, Pa., for appellee.

OPINION OF THE COURT

Before MARIS, KALODNER and SEITZ, Circuit Judges.

PER CURIAM.

Appellant was convicted in the Pennsylvania State Court of burglary and first degree murder and is serving a life sentence. Conviction was affirmed by the state appellate courts. Thereafter he sought a writ of habeas corpus in the district court which, after hearing, remanded the matter to the state court to conduct a hearing on appellant's primary complaint, namely, that he was convicted on the basis of a confession not voluntarily obtained.

The state court held a substantial testimonial hearing at which appellant was represented by counsel. That court determined, based on its application of the principles of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), that the confession was not subject to any constitutional infirmity. Thereafter the district court, after reviewing the matter, determined that the state court's decision was fully justified when tested by the principles of Jackson v. Denno. In making this determination the district court considered all the prior judicial proceedings. Of vital importance, in arriving at its decision the district court made an independent evaluation of the transcript of the testimony taken in the state court on the issue of the voluntariness of the confession.

In view of the completeness of the record before the district court, particularly the evidence of the hearing held by the state court, we conclude that the district court was under no duty to conduct an independent hearing on the issue of the voluntariness of the confession. There is no suggestion that the appellant was prevented at the state court hearing from offering any evidence pertinent to the issue of the voluntariness of his confession.

The other grounds asserted by the appellant were properly disposed of in the memorandum accompanying the district court's order of January 19, 1967.

The judgment of the district court will be affirmed.