Commonwealth *v.* Butler, Appellant.

Submitted April 21, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*P. Richard Klein,* Public Defender, for appellant.

*William H. Lamb,* Assistant District Attorney, and *Norman J. Pine,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, June 27, 1969:

On December 10, 1957, appellant was found guilty of first degree murder after a jury trial at which he was represented by court-appointed counsel. The jury fixed a penalty of life imprisonment, and after motions for new trial and arrest of judgment were filed and withdrawn by appellant's counsel, sentence of life imprisonment was imposed.

Since that time appellant has filed three unsuccessful applications for discharge on writs of habeas corpus. The first petition was filed with the Chester County Court of Common Pleas; the writ was denied, and we affirmed, *per curiam,* at 398 Pa. 442, 159 A. 2d 212 (1960), on the opinion of President Judge HARVEY, reported as *Commonwealth ex rel. Butler v. Banmiller,* 20 Pa. D. & C. 2d 267 (1959). The second petition was filed in the United States District Court for the Western District of Pennsylvania. In that case, the court remanded the record to the court below to allow opportunity for a *Jackson v. Denno* hearing as to the voluntariness of a confession admitted into evidence at petitioner's trial. *U. S. ex rel. Butler v. Maroney,* 240 F. Supp. 314 (W.D. Pa. 1965). Such a hearing was duly held, and the confession was found to have been voluntarily given; that finding was affirmed in *Commonwealth v. Butler,* 422 Pa. 153, 220 A. 2d 826 (1966). Petitioner's third application for habeas

corpus relief was filed in the same United States Court and was denied on January 19, 1967. On appeal, the action of the District Court was affirmed, the Court of Appeals for the Third Circuit holding that the issue of the voluntariness of petitioner's confession had been fully litigated and correctly determined in the state courts and in the District Court: *United States ex rel. Butler v. Brierley*, 387 F. 2d 127 (3d Cir. 1967).

On November 1, 1968 appellant filed a petition under the Post Conviction Hearing Act, raising the three questions presented in this appeal: (1) illegal detention by the police for four days prior to being charged; (2) failure of the police to inform appellant of his right to counsel before he reenacted the crime for them; and (3) denial of his right to take a direct appeal. The petition was dismissed by the court below, and we affirm the order of dismissal.

It is clear that appellant's first argument was considered and rejected by this court in *Commonwealth ex rel. Butler v. Banmiller, supra,* and under §4 of the Post Conviction Hearing Act must be deemed to have been finally litigated. Act of January 25, 1966, P. L. (1965) 1580, §4, 19 P.S. §1180-4.

Appellant's second contention was not raised in his first habeas corpus proceeding with counsel and must be deemed to have been waived by appellant under §4 of the same Act. *Commonwealth v. Satchell,* 430 Pa. 443, 243 A. 2d 381 (1968); *Commonwealth v. Mumford,* 430 Pa. 451, 243 A. 2d 440 (1968).

Appellant's principal argument in this appeal revolves around the withdrawal of appellant's motions for new trial and in arrest of judgment. Appellant argues that such withdrawal was not knowingly or intentionally made and that in consequence of that withdrawal he was denied his right to appeal. We note that Judge HARVEY in passing on appellant's first writ of habeas corpus noted that prior to withdrawal

of the motions, appellant's counsel stated in open court, in the presence of appellant, that the question had been discussed between them on numerous occasions and that the withdrawal was the appellant's desire. Appellant confirmed his awareness of the effect of withdrawing the motions in response to an on-record inquiry by the sentencing judge. See *Commonwealth ex rel. Butler v. Banmiller, supra,* at pp. 270-71. The issue the appellant now presents has been finally litigated under the terms of §4 of the Post Conviction Hearing Act.

Order affirmed.

Mr. Justice O'BRIEN concurs in the result.