Commonwealth *v.* Butler, Appellant.

Submitted January 18, 1971.  Before BELL, C. J.,
JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BAR-
BIERI, JJ.

*P. Richard Klein,* Public Defender, for appellant.

*William H. Lamb,* Assistant District Attorney, and
*Norman J. Pine,* District Attorney, for Commonwealth,
appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 28, 1971:

Hercules Butler was found guilty of first-degree
murder by a jury in 1957.  Motions for a new trial and
in arrest of judgment were filed, but thereafter were
withdrawn by Butler's Court-appointed attorneys, and
a sentence of life imprisonment was imposed.  Since
that time, Butler has filed a series of petitions, both
for habeas corpus and under the Post Conviction Hear-
ing Act, all of which have been denied.  The Opinion
of this Court in *Commonwealth v. Butler,* 435 Pa. 46,
254 A. 2d 645, recounts the history of these prior pro-
ceedings.

For a determination of this appeal, we need only go
back to 1968, when Butler filed a petition under the

Post Conviction Hearing Act,* in which he asserted for the first time that he was denied a direct appeal from the judgment of sentence. In that petition, he alleged that he had not taken an appeal simply because he had not been informed by his counsel of this right. After reviewing the pertinent portions of the record, the lower Court concluded that Butler had been advised of his right to appeal and that he had withdrawn his motions "voluntarily, intelligently and knowingly." On appeal to this Court, we affirmed that holding: *Commonwealth v. Butler,* 435 Pa., supra.

Thereafter, Butler filed this Post Conviction Hearing Act petition, in which he ostensibly raises two contentions: first, that he had been denied the effective assistance of counsel at all prior proceedings, including his trial; second, that he had been denied the right to a direct appeal. That petition was denied, and this appeal followed.

With respect to his assertion regarding the denial of a right to a direct appeal, Butler states that since the filing of his 1968 Post Conviction Hearing Act petition, this Court handed down its Opinion in *Commonwealth v. Archambault,* 433 Pa. 336, 250 A. 2d 811, which held that if the failure to pursue a motion for a new trial and a subsequent direct appeal was based on the fear of receiving a death sentence at a new trial, then such waiver of the right to appeal cannot be a knowing and voluntary waiver. Butler contends now for the first time that the fear of receiving the death penalty at a new trial was the cause of his waiving his right to a direct appeal. This, of course, is at variance with his 1968 petition. Moreover, not having asserted this ground in his earlier petitions, the matter must be deemed to have been waived. Section 4 of the Post Conviction Hearing Act, supra; *Commonwealth v.*

---

* Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1970).

*Kravitz,* 441 Pa. 79, 269 A. 2d 912; *Commonwealth v. Snyder,* 427 Pa. 83, 233 A. 2d 530.

With respect to his claim of ineffective assistance of counsel, we have carefully reviewed the supplemental brief filed with us by Butler himself, as well as the brief filed by his counsel. We are in agreement with the Court below that the present petition simply reiterates grounds which were previously asserted, considered and dismissed.

We find no merit in any of appellant's contentions. Order affirmed.