Commonwealth *v.* Heasley, Appellant.

Submitted March 23, 1971.   Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*J. Graham Sale, Jr.,* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE BARBIERI, October 12, 1971:

On October 17, 1969, appellant was tried before a judge and jury in the Court of Common Pleas of Allegheny County. He was found guilty of second degree murder. His post-trial motions for a new trial and in arrest of judgment were denied and he was sentenced to serve a term of from four to eight years in prison.

On direct appeal from the judgment of sentence, appellant alleges two errors: (1) that the trial court committed reversible error when it failed to properly charge the jury on the necessity of proving guilt beyond a reasonable doubt; and (2) that the court should have granted his motions for a new trial and in arrest of judgment because the verdict was not supported by the evidence.

Appellant urges that one portion of the charge is violative of one of the basic precepts of criminal justice—that the defendant is presumed to be innocent unless and until the prosecution has proved beyond a reasonable doubt that he was guilty. The allegedly offensive portion of the charge reads: "And now, members of the jury, you are shortly going to retire to the jury room to give this case your careful consideration. You *may* return a verdict of not guilty if the guilt of the accused has not been shown beyond a reasonable doubt. You may, if the evidence warrants, return a verdict of guilty of Murder in the First Degree. You may return a verdict of guilty of Murder in the Second Degree. You may return a verdict of Voluntary Manslaughter." (Emphasis added)

If this passage were the only mention in the charge of the Commonwealth's burden of proof, appellant's ar-

gument might have been well taken. See, e.g., *In re Winship*, 397 U.S. 358 (1970); *Commonwealth v. Williams*, 432 Pa. 557, 248 A. 2d 301 (1968). It is well established, however, that in reviewing a charge to determine whether or not there has been reversible error, we must consider the charge as a whole. *Commonwealth v. Butler*, 443 Pa. 545, 278 A. 2d 911 (1971); *Commonwealth v. Lance*, 381 Pa. 293, 113 A. 2d 290 (1955). An examination of the charge as a whole clearly indicates that the lower court properly and fully charged as to the *necessity* of proving a defendant's guilt beyond a reasonable doubt. The following five passages from the charge demonstrate that, in the charge as a whole, the requisite language was used. "Our forefathers in their great wisdom in establishing the tribunal of justice made an inflexible rule that the accused *must* be presumed innocent throughout the entire course of the trial of the case and until such time as the jury by a consideration of all the evidence, the arguments of counsel and the charge of the court conclude that the defendant is guilty of the offense charged beyond a reasonable doubt.

. . . .

"If you have such a doubt as to any material part of the Commonwealth's case, *it is your duty* to resolve it in favor of the defendant and promptly acquit him.

. . . .

"If, after the entire comparison and consideration of all of the evidence in the case your minds are in a condition that you cannot say that you feel an abiding conviction the accused is guilty, then you *must* find him not guilty.

. . . .

"If you find as a fact that the defendant, Harvey Heasley, did not fire the fatal bullet nor was he act-

ing in concert with one who did, then you *must* find him not guilty.

. . . .

"And if the whole of that evidence is sufficient in your judgment to show that the defendant is not guilty, or to create a reasonable doubt, the defendant *is entitled to be* acquitted." (Emphasis added.)

On the issue of the sufficiency of the evidence, we are governed by our well settled principle of law: "It is hornbook law that the test of the sufficiency of the evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Frye*, 433 Pa. 473, 481, 252 A. 2d 580 (1969). See also, *Commonwealth v. Chasten*, 443 Pa. 29, 275 A. 2d 305 (1971); *Commonwealth v. Commander*, 436 Pa. 532, 260 A. 2d 773 (1970).

From the evidence, the jury well could have found the following facts. On the night of January 17, 1969, appellant and Kleer (the victim) engaged in a fight in the bar of the Carnegie Hotel in Pittsburgh. This fight was the sequel to an earlier fight between the two in which the victim had beaten the appellant. While on the way to the Carnegie Hotel on the night of the shooting, the appellant and his brother both stated that they were going to get even with Kleer. Once in the bar, appellant and his brother jumped Kleer. The fight was temporarily quelled by the barkeeper, but soon thereafter resumed outside. During this continuation of the fight, appellant told a friend, who had gone to the bar with him, to go to the car and get the gun. This friend was prevented from getting the gun

by one of the hotel's waitresses. Appellant, his brother, and the friend then proceeded to wait in an alley next to the hotel where the friend heard a sound which resembled a shot. The victim was shot while passing in front of the alley at the same time that the appellant was positioned in the alley. Appellant, his brother and the friend then sped away in their car. While in the car, appellant's brother said to him, "Well, you got him back for what he did to you."

Although the murder weapon was never recovered and although the friend who testified to hearing the shot in the alley never saw the gun or the shot being fired, we believe that the evidence is sufficient to support the finding that appellant was guilty beyond a reasonable doubt of second degree murder.

Judgment affirmed.