Commonwealth *v.* Keppel, Appellant.

Argued March 28, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Daniel E. Cohen,* with him *Seidel and Cohen,* for appellant.

*Nicholas M. Zanakos,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, submitted a brief for Commonwealth, appellee.

OPINION BY PRICE, J., September 23, 1974:

This is an appeal from a judgment of sentence for burglary and larceny. The only issue raised on appeal is whether the trial judge committed reversible error in that part of his charge to the jury related to the testimony of an alleged accomplice.

The accomplice testified that the appellant and he spent time together on the night of the crime. During that time, they drove through Bethlehem, Pa., and cruised by a house where appellant said they could find money. The men parked the car and started walking toward the house, but the accomplice returned to the car. He further testified that he did not see appellant again until appellant returned to the car, and did not know where appellant had gone in the interim. Both men were later charged with burglary of the home.

Appellant contends that reversible error was committed in the charge to the jury. This conclusion is based on one isolated sentence from the charge which was as follows: "It would not be possible in this case to exculpate Mr. Keppel unless you find that you cannot find Mr. Pettit believable in what he said Mr. Keppel did."

The entire charge of the lower court must be considered. *Commonwealth v. Butler,* 443 Pa. 545, 278 A. 2d 911 (1971); *DeMichiei v. Holfelder,* 410 Pa. 483, 189 A. 2d 882 (1963); *Commonwealth v. Clanton,* 395 Pa. 521, 151 A. 2d 88 (1959). The relevant portion of the charge includes the following:

"I have instructed you about his status as an accomplice, and the caution which [with] which you are to approach his testimony. But, he is still a witness in this case, he is not the defendant on trial in this case.

You are not to concern yourselves with his testimony as to what part he played; that is, Mr. Pettit, if you believe it believable. If you find it unbelievable, you may consider it in light of whether you believe any other portion of his testimony for the purpose of this trial. But, what I am trying to say to you is even if you believe Mr. Pettit to be involved to a greater extent than he says he is involved, that is a completely collateral matter in this trial. That is not before you and you are not to go down that road and wonder about that, aside from whether or not you think it affects other parts of his testimony; of course, that is before you.

"I have explained there are tests of credibility which entitle you to find all of a witness' testimony unbelievable if you find that he was not believable in other material facts. But, what I am saying to you is do this on credibility. Look at it and say, 'Even if I do not believe Mr. Pettit when he attempts to say what part he played in it, do I find that by not believing that I do not find he was believable when he said what Mr. Keppel did?' That is the question before you and that is what I am trying to define for you. I do not want to run the risk of somebody in the jury room deciding this case on what Mr. Pettit did.

"*It would not be possible in this case to exculpate Mr. Keppel unless you find that you cannot find Mr. Pettit believable in what he said Mr. Keppel did.* That is what is at issue here, what he has said that he saw Mr. Keppel do and what he has said he heard Mr. Keppel say to him. Decide whether you find that believable in light with all the rules of credibility that I have given to you and, also, in light of what I have instructed you about Mr. Pettit's status as an accomplice in this case. But, do not speculate on what is going to happen to Mr. Pettit, that is a separate case in and of itself." [Emphasis added.]

Considering the charge in this light and keeping in mind the judge's cautionary instructions, we conclude that the charge was proper and that appellant was not prejudiced. *See Commonwealth v. Porter*, 449 Pa. 153, 295 A. 2d 311 (1972); *Commonwealth v. Heasley*, 444 Pa. 454, 281 A. 2d 848 (1971).

The appellant concedes that the charge meets all the requirements of the "polluted source" instructions and "reasonable doubt" standards and, therefore, we find no error. *Commonwealth v. Jones*, 213 Pa. Superior Ct. 504, 247 A. 2d 624 (1968); *Commonwealth v. Olitsky*, 184 Pa. Superior Ct. 144, 133 A. 2d 238 (1957).

Further, it is conceded that no exception was taken to the charge of the lower court by the appellant at the time of trial. At the conclusion of the court's charge, trial counsel were asked, "All right, gentlemen, are there any additions or corrections to the Court's general charge?" The defense counsel answered, "No, your Honor." Thus, we have a situation where an issue that was not raised at trial is sought to be raised on appeal.[1]

In the recent case of *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A. 2d 114 (1974), the Supreme Court considered the issue of whether a court instruction alleged to be erroneous, and to which no specific exception was taken, amounted to a basic and fundamental error necessitating a new trial. Justice

---

[1] In *Commonwealth v. Watlington*, 452 Pa. 524, 306 A. 2d 892 (1973), a waiver under Criminal Rule 1119(b) was held to apply to a cautionary instruction regarding the testimony of an accomplice. In that case, *no* cautionary instruction was given regarding the testimony of an accomplice and yet a waiver was found. In the instant appeal, appropriate cautioning instructions were given. See *Pennsylvania Rules of Criminal Procedure* 1119 which provides in pertinent part: "(b) No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury."

ROBERTS, in writing for the majority, noted that the concept of basic and fundamental error is an "unworkable appellate procedure" because the "theory has never developed into a principled test." 457 Pa. at 257, 322 A. 2d at 116. In summary, Justice ROBERTS stated: "[T]hat basic and fundamental error has no place in our modern system of jurisprudence. This doctrine, which may in the past have been acceptable, has become an impediment to the efficient administration of our judicial system. Basic and fundamental error will therefore no longer be recognized as a ground for consideration on appeal of allegedly erroneous jury instructions; a specific exception must be taken." 457 Pa. at 260, 322 A. 2d at 117.

We conclude, therefore, that even if this charge were to be erroneous, such error is not basic and fundamental error, and would not in this case reverse on a point where no exception is taken.

Accordingly, we affirm the judgment of sentence. JACOBS, J., concurs in the result.

---

DISSENTING OPINION BY HOFFMAN, J.:

In this appeal from a judgment of sentence for burglary and larceny, appellant contends that the trial judge committed reversible error in its charge to the jury relating to the testimony of an alleged accomplice.

The pertinent portion of the charge is as follows: "It would not be possible in this case to exculpate Mr. Keppel unless you find that you cannot find Mr. Pettit (the alleged accomplice) believable in what he said Mr. Keppel did. That is what is at issue here, what he has said that he saw Mr. Keppel do and what he has said he heard Mr. Keppel say to him."

When this statement by the trial judge is read in conjunction with the accomplice's testimony, it is clear that fundamental error was committed. The accomplice testified that he and appellant were together on

the night of the crime. They drove from Easton, Pa., to Bethlehem, Pa., where they stopped at several restaurants and aided a stranded motorist. As they drove through Bethlehem, appellant allegedly stated that he knew of a house where there was money. Appellant cruised by the house several times, but then parked his car on another street. The accomplice was not familiar with the area and could not state where the house was.

After parking, the appellant and the accomplice left the car. The accomplice followed appellant for a short time, but soon returned to the car. He did not see appellant thereafter until appellant returned to the car, and could not testify as to appellant's activities during that period of time. Shortly thereafter, both were arrested and charged with the burglary of a home in the vicinity.

The quoted portion of the trial judge's charge required the jury to return a guilty verdict if they believed the accomplice's testimony. The credibility of the witness thus became the sole determinant of guilt. A trial judge may in clear cases instruct a jury that they *may* convict on the basis of a witness' testimony if it is believed. However, such an instruction may be given only where the witness' testimony conclusively establishes every fact necessary to sustain a conviction. *Commonwealth v. Williams,* 185 Pa. Superior Ct. 312, 185 A. 2d 903 (1958); *Commonwealth v. Hull,* 65 Pa. Superior Ct. 450, 463 (1917); *Commonwealth v. Clay,* 56 Pa. Superior Ct. 427 (1914).

The accomplice's testimony in the instant case falls far short of establishing all of the elements necessary to prove the crimes of burglary and larceny. At best, the accomplice's testimony shows an intent to burglarize a house in the area,[1] but little more. It certainly

---

[1] There is no question but that the Commonwealth presented sufficient evidence to convict under proper instructions. Several

does not show the execution of the burglary and larceny with which the appellant was charged. In conjunction with other evidence presented in the case, a jury might return a verdict of guilty. This was not, however, the option given to the jury in the quoted portion of the charge. In mandatory language, the jury was told that a verdict of guilty was required if they believed testimony which did not establish the commission of the crimes charged. In essence, the jury was permitted to make a finding of guilty on insufficient evidence. Even if the statement is construed to be a mere expression by the trial judge in the belief of appellant's guilt on the basis of the accomplice's testimony a new trial is warranted. See *Commonwealth v. Ewell*, 456 Pa. 589, 597 (1974) (concurring opinion) and cases cited therein.

A further objection to the judge's charge lies in the manner in which it was worded. By stating that "[i]t would not be possible . . . to exculpate [appellant]" if the accomplice was believed, the trial judge conveyed to the jury the impression that it was to deliberate on that evidence for the purpose of determining appellant's innocence. It would have been possible for the jury to accept the testimony as truthful and still believe appellant's testimony that he did not burglarize the house after he left the car.

We have held that a charge which gave similar weight to an accomplice's testimony, without reference to evidence offered by the defendant which was sufficient to create a reasonable doubt, was basic and fundamental error. In *Commonwealth v. Didio*, 212 Pa. Superior Ct. 51, 57, 239 A. 2d 883 (1968), the trial judge charged the jury as follows: "Whether or not you determine this Defendant to be guilty or not (sic) depends

---

cans of beer and two bottles of whiskey were found in the car, identified as stolen form the burglarized premises.

upon whether or not you believe the testimony of [the accomplice]. If you believe this testimony, it is sufficient in law for you to find the Defendant guilty. . . ." In an opinion by Judge (now President Judge) WATKINS, we held that the charge was error in the absence of an instruction that the defendant's evidence could raise a reasonable doubt as to guilt.[2] Our statement therein is particularly apropos to the instant case: ". . . [T]he charge as a whole gives the clear impression that the testimony of [the accomplice] was crucial, and, if believed, the defendant must be found guilty, so that the remaining evidence would have no weight. . . . There is justification in the complaint of the defendant that there was an implied shift in the burden of proof." 212 Pa. Superior Ct. at 58. The charge in the instant case is more strongly worded, and thus all the more objectionable.

Although appellant did not specifically object to the charge,[3] as in *Didio,* I believe that the charge had such an adverse effect upon appellant's right to a fair trial that it constituted basic and fundamental error and may be considered on appeal. *Commonwealth v.*

---

[2] The defendant took the stand and testified that he never said that he was going to burglarize the house. He stated that he stopped the car in order to take a walk and get some air. It is, of course, entirely possible that while appellant was walking the accomplice entered the house. In summarizing the evidence, the trial judge characterized appellant's testimony as a general denial, never indicating that the testimony could create a reasonable doubt.

[3] The Majority Opinion suggests that the recent case of *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A. 2d 114 (1974), should be applied to the instant case. *Dilliplaine* holds that the doctrine of basic and fundamental error should no longer be applied in civil cases, and that failure to object will hereafter be deemed a waiver of an issue on appeal. My reading of *Dilliplaine* reveals no expression by the Majority of the Supreme Court to extend that policy to criminal cases.

*Didio,* 212 Pa. Superior Ct. at 54; see *Commonwealth v. Ewell,* 456 Pa. 589, 319 A. 2d 153 (1974).

Judgment should be reversed and appellant granted a new trial.

WATKINS, P. J., and SPAETH, J., join in this dissenting opinion.