380 A.2d 853

**COMMONWEALTH of Pennsylvania**

v.

**Clarence BLANCHARD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1976.

Decided Dec. 2, 1977.

John W. Packel, Assistant Public Defender, Philadelphia, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, Philadelphia, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Following a non-jury trial, appellant, Clarence Blanchard, was found guilty of robbery and possessing an instrument of a crime. The question raised on appeal is whether appellant's claim that he was denied a speedy trial under Pa.R. Crim.P., Rule 1100 has been properly preserved for our review. We hold that it has not.

The complaint was filed against appellant on November 12, 1974, so the Commonwealth had 180 days to bring appellant to trial. Pa.R.Crim.P. 1100(a)(2). Although trial commenced on August 25, 1975, appellant admits and the record indicates that defense counsel did not raise the Rule 1100 question until August 26, 1975, subsequent to the

commencement of trial.[1] The lower court then granted appellant leave to petition *nunc pro tunc* for dismissal on Rule 1100 grounds.

Pa.R.Crim.P. 1100(f) provides, in pertinent part, that: "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated."

In *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977), our Supreme Court recently noted:

"We agree that a defendant may waive or consent to a violation of Rule 1100 by his failure to raise the issue. Inasmuch as one may waive the speedy trial right guaranteed by the federal and state constitutions by failure to assert a timely objection, *Commonwealth v. Roundtree*, 458 Pa. 351, 326 A.2d 285 (1974), a *fortiori*, a defendant's neglect may preclude reliance on a rule of procedure adopted in aid of that constitutional right. Hence section (f) of Rule 1100 limits the time within which a defendant may apply for an order dismissing charges to 'any time before trial.' "

Therefore, the language of Rule 1100 as interpreted by our Supreme Court is clear that in order for a Rule 1100(f) petition to be timely, it must be filed before trial. Since it is undisputed that trial had commenced in the case at bar before the Rule 1100 issue was raised, our issue narrows to whether the lower court may grant a defendant leave to petition *nunc pro tunc* for dismissal on Rule 1100 grounds. We conclude that without a finding of ineffective assistance of counsel the trial court is without power to grant the appellant leave to file such a petition *nunc pro tunc*.

Our Supreme Court has consistently held that the Commonwealth may not be granted leave to file a petition for

1. Appellant concedes that 99 days are excluded from the running of the Rule pursuant to Pa.R.Crim.P. 1100(d) and argues that trial was commenced on the 187th day. At the hearing on appellant's *nunc pro tunc* petition, the lower court excluded 126 days and held that the trial commenced on the 160th day. However, in light of our holding in this case we do not reach the merits of appellant's claim.

extension *nunc pro tunc. Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694, 697 (1976); *Commonwealth v. O'Shea*, 465 Pa. 491, 498 n. 9, 350 A.2d 872, 875 n. 9; *Commonwealth v. Woods*, 461 Pa. 255, 257, 336 A.2d 273, 274 (1975). Pa.R. Crim.P. 1100(c) provides the time limit within which "the Commonwealth *may apply to the court for an order* extending the time for commencement of trial" while Pa.R.Crim.P. 1100(f) provides the time limit within which "the defendant or his attorney *may apply to the court for an order* dismissing the charges with prejudice. . . ." [Emphasis added.] It is inconsistent to interpret Rule 1100(c) as not allowing petitions *nunc pro tunc* while interpreting similar language in Rule 1100(f) as allowing petitions *nunc pro tunc.* Rule 1100, then requires a defendant to raise his right to a speedy trial before the court commits its time and resources to the guilt determining process. *Commonwealth v. Lamonna, supra.* Such a rule of criminal procedure is neither unfair nor vague, and is consistent with both the theory and purpose of Rule 1100 as explained in *Commonwealth v. Hamilton*, 449 Pa. 297, 308, 297 A.2d 127, 132 (1972). Therein the Court noted its dissatisfaction with the "balancing test" and stated that:

> "An alternative to a balancing test is a stated time period within which accused persons must be either brought to trial or released from any threat of prosecution. The theory behind this type of rule is that it eliminates the inherent vagueness encompassed in any balancing process and avoids the necessity of a court determining a violation of this constitutional right on a case-by-case basis. It is also felt that a mandating time requirement will act as a stimulant to those entrusted with the responsibility of managing court calendars."

We believe that a claim of ineffective assistance of counsel is the manner in which a Rule 1100 argument must be raised if trial counsel does not file a timely petition to dismiss under Rule 1100(f). To conclude otherwise would be to resurrect the principle of "basic and fundamental error" discarded by our Supreme Court in *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

We find that appellant's Rule 1100 claim was waived by failure to timely file a petition to dismiss, and that the lower court was without power to grant leave to file a petition *nunc pro tunc.* Thus, we do not determine the merits of that petition. Moreover, there is no claim of ineffective assistance of counsel raised on appeal and that issue cannot be considered at this time.

Judgment of sentence is, therefore, affirmed.

JACOBS, J., concurs in the result.