396 A.2d 1280

COMMONWEALTH of Pennsylvania

v.

**Richard S. WALLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1977.

Decided Dec. 29, 1978.

498

Arthur L. Gutkin, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Following a jury trial commenced on January 5, 1976, appellant was convicted of robbery,[1] criminal conspiracy,[2] and two counts of aggravated assault.[3] Post-verdict motions were denied, and appellant was sentenced to ten to twenty years imprisonment for robbery, concurrent terms of five to ten years imprisonment for each aggravated assault, and a consecutive term of ten years probation for conspiracy. Appellant now makes various claims of error. Finding none of these meritorious, we affirm.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, *Commonwealth v. Cherry*, 474 Pa. 295, 378 A.2d 800 (1977), the pertinent facts are as follows. On the night of May 9, 1975, appellant and Vernon Chew entered the West Pom-Pom Bar on 5214 Girard Avenue, Philadelphia. At gunpoint, appellant ordered the bar's patrons into the bathroom. As the customers retreated, appellant pistol-whipped one patron and shot and wounded the bartender. The latter was then forced to surrender all money both on his person and in the cash register to appellant. Later that night, appellant and his accomplice were apprehended by police in a parked motor vehicle, taken to Misericordia Hospital, and there identified by the bartender as the robbers.

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 903.

3. 18 Pa.C.S. § 2702.

During the period immediately following the arrest, and through the suppression hearing, appellant was represented by a public defender from the Defender Association. At counsel's request, several continuances were granted which extended the date of trial commencement beyond the 180 day limit mandated by Pa.R.Crim.P. 1100[4] for the start of trial. Present counsel began his representation subsequent to the suppression hearing but prior to trial. Present counsel also requested, and was granted, a continuance.

Appellant first contends that the court below erred in denying his request to dismiss the case pursuant to Pa.R.Crim.P. 1100.[5] We do not reach the merits of such a claim because it has not been properly preserved for appellate review. Rule 1100(f) delineates the procedure for entering an objection based on a violation of the 180 day provision of Rule 1100:

"At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant." Pa.R.Crim.P. 1100(f).

We have repeatedly made clear that the right to dismissal pursuant to a Rule 1100 violation is waived by failure to file a written petition to dismiss prior to the commencement of trial.[6] *Commonwealth v. Yancey*, 251 Pa.Super. 478, 380

4. Pa.R.Crim.P. 1100(a)(2) provides:
"Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

5. Appellant was arrested on May 10, 1975. Counsel contends that the first effective waiver of Rule 1100 occurred on November 25, 1975, a point beyond the 180 day limit.

6. The right to a dismissal is not waived if the failure to file a proper petition is alleged to be the result of counsel's ineffectiveness. *E. g., Commonwealth v. Blanchard, supra.* Appellant argues, however,

502

A.2d 880 (1977); *Commonwealth v. Blanchard*, 251 Pa.Super. 424, 380 A.2d 853 (1977); *Commonwealth v. Matt*, 248 Pa.Super. 538, 375 A.2d 371 (1977). Appellant not having done so, we cannot now review the issue on the merits.

█ In conjunction with this claim, appellant apparently contends that prior counsel could not validly obtain continuances and waivers of Rule 1100 rights absent appellant's knowing consent noted on the record. This claim is patently frivolous. We have held inferentially that counsel may request continuances that postpone trial commencement beyond the 180 day limit without the specific signed consent of his client. *See, e. g., Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975) (valid continuance when counsel stated "any day is fine with me, Your Honor"). *See also* Pa.R.Crim.P. 1100(d)(2): "In determining the period for commencement of trial, there shall be excluded therefrom . . . (2) any continuance in excess of thirty (30) days granted at the request of defendant *or his attorney*, . ." (emphasis added). Continuances are a matter of sound trial strategy within the reasonable purview of counsel. To hold that counsel cannot unilaterally request continuances that delay the start of trial past the Rule 1100 limit would severely hamper his ability to effectuate trial strategy.

Although *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976), would at first blush demand a contrary conclusion, it is not here apposite. In *Myrick*, the Commonwealth asked defendant, through his counsel, to agree to a thirty day extension which would force the beginning of trial beyond the Rule 1100 limit. Our supreme court held that a valid waiver had been effected, noting that defendant had signed a formal, on record statement that he knowingly and

that original counsel was ineffective in requesting continuances, not in failing to request a dismissal under Rule 1100. Moreover, because of our decision that such continuances were not improper, a petition to dismiss under Rule 1100 would have been properly denied by the lower court. Counsel's stewardship cannot be deemed ineffective for failure to file futile motions. *Commonwealth v. Gaither*, 244 Pa.Super. 54, 366 A.2d 580 (1976). If present counsel had desired to raise the issue of a Rule 1100 discharge, he should have complied with the procedural prerequisites.

voluntarily waived such rights. The court did not, however, decide that a waiver is valid if and only if it is accompanied by a statement from defendant. Although the opinion in *Myrick* digressed into the requirements for a valid waiver of a constitutional right, it was instructive in nature and not meant to equate the two types of waiver procedures. Thus, the continuances in the case *sub judice* were valid, and absent a gross abuse of counsel's discretion, we cannot say that such continuances constituted ineffective assistance.

Appellant's second contention again raises the issue of original counsel's competency. Because counsel did not obtain a transcript of the preliminary hearing prior to the suppression hearing, appellant argues that counsel was prevented from conducting an effective cross-examination. A review of the record does not support such a claim.[7]

It is clear that the inability of counsel to obtain the preliminary hearing transcript is not *per se* a denial of due process, although in certain limited situations its possession could be viewed as a *sine qua non* to effective trial preparation. *See, Britt v. North Carolina,* 404 U.S. 226, 232, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) (Douglas, J., dissenting); *Commonwealth v. Minifield,* 225 Pa.Super. 149, 310 A.2d 366 (1973). Instantly, the preliminary hearing transcript was not indispensable, and its nonavailability hardly prejudicial

7. We do not agree with appellee that this objection was waived by failure to raise it either at or before trial. While it is true that one is required to raise the issue of prior counsel's ineffectiveness "at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant," *Commonwealth v. Hubbard,* 472 Pa. 259, 277 n. 6, 372 A.2d 687, 695 n. 6 (1977), we do not construe this to mean that appellant is now precluded from asserting the objection because he failed to raise it prior to post-verdict motions. As has been noted, "post-verdict motions promote judicial economy and the orderly administration of the appellate process." *Commonwealth v. Carter,* 463 Pa. 310, 313, 344 A.2d 846, 848 (1975). The *raison d'etre* of such a rule is not frustrated by failure to raise ineffectiveness of prior counsel at trial when present counsel succeeded in representation prior to trial. Admittedly, the substantive effect of the alleged ineffectiveness might have been cured by requesting another suppression hearing, but this does not alter the fact that the issue of *ineffectiveness* may now be raised.

to appellant's position, a necessary pre-requisite to a finding of ineffective assistance. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). While not having the benefit of the verbatim transcript, counsel at the suppression hearing drew extensively on the summary of testimony of the preliminary hearing. In a similar situation, our supreme court held that effective assistance of counsel was not denied when trial counsel did not have the transcript of the preliminary hearing available during trial cross-examination, but was aware of the substance of the prior testimony and later introduced the transcript into evidence. *Commonwealth v. Hampton*, 462 Pa. 322, 341 A.2d 101 (1975).

In the case at bar, counsel at the suppression hearing was aware of the prior testimony. Indeed, it was later introduced at trial by present counsel for the purposes of cross-examination. Nowhere does appellant allege any specific prejudice flowing from its nonavailability, and it is not stated what discrepancies, if any, prior counsel could have elicited with the aid of the preliminary hearing testimony. Certainly, present counsel's use of the transcript at trial resulted in no inconsistencies being developed. *See, e. g.*, N.T. 84–89, 96, 102–103. Nor did he produce the witnesses at trial who would have allegedly "state[d] under oath that the identifications made at the Preliminary hearing were not those made at the Motion to Suppress the Identification." Brief for Appellant at 8.

A thorough review of the record convinces us that the cross-examination offered by appellant's initial counsel was sufficiently rigorous to afford effective stewardship. The fact that few inconsistencies were revealed is no reflection on counsel's competency. Simply because "every arguable inconsistency in . . . testimony" was not exposed does not lead to a conclusion of ineffective assistance. *Commonwealth v. Sullivan*, 472 Pa. 129, 165, 371 A.2d 468, 485 (1977).

Appellant next argues that the lower court erred in not declaring a mistrial predicated on the admission of hearsay testimony by a Commonwealth witness. The pertinent portion of the police officer's testimony is as follows:

"Q.  After you searched cursorily for weapons, for your own protection, what did you then do?

A.  We called for a wagon.  And I contacted police radio, requested the location of the complainants.

Q.  Of the what?

A.  Where the complainants would be, for possible identification.

From the information I received from radio, I went to Misericordia Hospital, where I had identification made on—

> MR. GUTKIN: [Defense Counsel]  Objection.  Mistrial.  May we see Your Honor at side-bar?
>
> THE COURT:  All right."
>
> N.T. 176–77.

While the officer's indication of an out of court identification, not necessarily that of appellant, is clearly hearsay, it is equally clear that the slip was not prejudicial.  Corrective instructions were immediately given to the jury by the trial judge in which he delineated the hearsay rule and admonished the panel to disregard the witness's statement in its entirety.  It is well settled that such prompt curative instructions to a jury may rectify some prior prejudicial error.  *E. g., Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975);  *Commonwealth v. Murray*, 437 Pa. 326, 263 A.2d 886 (1970).

Moreover, it cannot be said, as appellant claims, that this constituted the sole means of identifying him and was thus not amenable to correction by a simple instruction.  On the contrary, quite apart from the officer's testimony, appellant was positively identified by several witnesses who were subject to cross-examination.  In light of these facts, we cannot find the "flagrant abuse of discretion" that must appear before we would reverse a trial judge's decision in refusing the grant of a mistrial.  *Commonwealth v. Biancone*, 249 Pa.Super. 34, 375 A.2d 743 (1977).

Appellant's final contention is that the trial judge failed to adequately charge the jury on his proffered alibi

defense in accordance with the requirements of *Commonwealth v. Bonomo*, 396 Pa. 222, 151 A.2d 441 (1959). Initially, there is some doubt as to whether the issue was properly preserved for appeal. It is well established that an appellate court will not review an alleged error in a jury charge to which no exception, or only a general exception, was taken. *Commonwealth v. Keppel*, 231 Pa.Super. 22, 326 A.2d 593 (1974); *Commonwealth v. Danzy*, 225 Pa.Super. 234, 310 A.2d 291 (1973). The trial judge found the exception general, and thus waived. Opinion 5. While this is not clear from the record, the question is moot in light of our determination that the charge conformed with *Bonomo*.

In *Bonomo*, our supreme court, in grappling with the correct form of an alibi charge, explicitly promulgated the following language:

"The Commonwealth has the burden of proving every essential element necessary for conviction. If the defendant traverses one of those essential elements by evidence of alibi, his evidence will be considered by the jury along with all the other evidence. It may, either standing alone or together with other evidence, be sufficient to leave in the minds of the jury a reasonable doubt which, without it, might not otherwise exist." *Commonwealth v. Bonomo, supra*, 396 Pa. at 231, 151 A.2d at 446.

As the *Bonomo* panel noted, it is necessary for the trial judge to "carefully instruct the jury as to the relationship of the evidence of the prosecution and the evidence of the defendant as each bears upon the essential elements of the crime charged." *Id.*, 396 Pa. at 231–32, 151 A.2d at 446. There is no demand, however, that the exact words of *Bonomo* be used, only its essential concepts. Read as a whole, *Commonwealth v. Bishop*, 472 Pa. 485, 372 A.2d 794 (1977), the charge of the trial judge clearly indicates adherence to these mandated concepts. In pertinent part, the lower court charged as follows:

"Furthermore, the defendant is presumed innocent throughout the trial, unless and until you conclude, based on careful and impartial consideration of the evidence,

that the Commonwealth has proven him guilty beyond a reasonable doubt.

It is not the defendant's burden to prove that he is not guilty. Instead, it is the Commonwealth that always has the burden of proving each and every element of the crime charged and that the defendant is guilty of that crime beyond a reasonable doubt.

The person accused of a crime is not required to present evidence or prove anything in his own defense. If the Commonwealth's evidence fails to meet its burden of proof, then your verdict must be not guilty. On the other hand, if the Commonwealth's evidence does prove beyond a reasonable doubt that the defendant is guilty, then your verdict should be guilty.

. . . . .

Obviously, the defendant cannot be guilty unless he was at the scene of the alleged crime. In this case, the defense did not contest the fact that a robbery occurred. But the defendant has offered evidence to show that he was not present at the scene, but, rather, was with someone else. This is what we call alibi testimony, the testimony that you heard from the witness. You should consider this testimony along with all of the other evidence in the case in determining whether or not the Commonwealth has met its burden of proving beyond a reasonable doubt that a crime was committed and that the defendant himself committed or took part in the commission of that crime.

The defense testimony that he was not present may be sufficient, either by itself or together with other evidence, to raise a reasonable doubt of his guilt in your mind. If you have a reasonable doubt of the defendant's guilt, then you must find him not guilty."
N.T. 441, 448–49.

Appellant's specific allegation that the trail court failed to "tell the jury that an alibi defense standing alone may be sufficient to leave in their minds a reasonable doubt, which, without it, might not otherwise exist" (Brief for Appellant

at 12), is belied by inspection of the last quoted paragraph above. This contention is without merit.

The judgment of sentence is therefore affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.