Commonwealth *v.* Riggins, Appellant.

Submitted March 12, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John H. Corbett, Jr.,* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Roberts, May 23, 1973:

On March 11, 1965, appellant, John Riggins, was indicted on two counts of murder. In May, 1965, he pleaded guilty to murder generally on both counts. Two related indictments for involuntary manslaughter and one indictment for arson were subsequently nolle prossed. After a degree of guilt hearing appellant was found guilty of murder in the first degree, and was sentenced to life imprisonment on both charges, the sentences to run concurrently. No post-trial motions were filed, and no direct appeal was taken.

Appellant filed a petition pursuant to the Post Conviction Hearing Act[1] on March 23, 1972, alleging that (1) his guilty plea was not knowingly or intelligently entered because it was induced by a coerced confession, and (2) he did not knowingly and intelligently waive his right to a direct appeal. Following a hearing, the PCHA court, having found that appellant's confession was not coerced and that his guilty plea was knowing and intelligent, denied the relief requested. Appellant then appealed to this Court.

At the PCHA hearing appellant asserted that his guilty plea was not knowingly and intelligently entered because it was induced by a coerced confession. He claimed his confession was coerced for two reasons. First, he contended the warnings given him by the interrogating officers were inadequate under *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964), in that he was not advised of his right to remain silent.[2] Secondly, he alleges that his confession was coerced because one

---

[1] Act of January 25, 1966, P. L. (1965) 1580, §§1 et seq., 19 P.S. §§1180-1 et seq. (Supp. 1972).

[2] Because appellant's arrest occurred after the effective date of *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964), but prior to *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), he was not entitled to the full spectrum of warnings made mandatory by the later decision. See *Commonwealth v. Willman*, 434 Pa. 489, 255 A. 2d 534 (1969).

of the interrogating officers struck him with a telephone book during the questioning. Appellant urges that his allegedly involuntary confession motivated his guilty plea. However, the hearing court, having sorted out the conflicting testimony at the hearing, and having reviewed the transcript of the original guilty plea proceedings, determined that the confession was voluntary and that the guilty plea was knowingly and intelligently entered. Reviewing the record before us, we cannot say that the hearing court abused its discretion in so finding.

Appellant's second contention is that he did not knowingly and intelligently waive his right to a direct appeal. In its brief the Commonwealth concedes, and we agree, that appellant was denied his right to a direct appeal.[3] We have consistently held that where a defendant is found guilty of first degree murder, following a plea of guilty to murder generally, "the denial of his right to appeal would be prejudicial, there being the possibility of non-constitutional errors in his degree of guilt hearing." *Commonwealth ex rel. Johnson v. Rundle,* 440 Pa. 485, 489, 270 A. 2d 183, 185 (1970) ; see *Commonwealth v. Robinson,* 442 Pa. 512, 276 A. 2d 537 (1971) ; *Commonwealth v. Stokes,* 426 Pa. 265, 268 n.5, 232 A. 2d 193, 194 n.5 (1967). Since the Commonwealth concedes and the record reveals that appellant was not informed of his rights to a direct appeal, appellant must be given the opportunity to file post-trial motions as though timely filed.

Order affirmed and matter remanded to the Allegheny County Court of Common Pleas for proceedings consistent with this opinion.

Mr. Justice MANDERINO concurs in the result.

---

[3] The notes of testimony reveal that at no time after the degree of guilt hearing or prior to or after sentencing was appellant informed of his appellate rights in accordance with *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963).