369 A.2d 345

COMMONWEALTH of Pennsylvania,
Appellant,

v.

David BELL, Appellee.

Superior Court of Pennsylvania.

Submitted Dec. 16, 1975.

Decided Nov. 22, 1976.

Stephen B. Harris, First Assistant District Attorney, Warrington, for appellant.

Richard S. Wasserbly, Assistant Public Defender, Doylestown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This appeal presents yet another new and very narrow question for decision under Pa.R.Crim.P. 1100. Where the action is instituted against a juvenile by a delinquency petition and subsequently certified to the Criminal Division of a Court of Common Pleas for full criminal trial, when does the allowable period of 180 days under Pa.R.Crim.P. 1100 start for purposes of insuring prompt trial? The lower court answered this question by starting the time on the date of filing the delinquency petition and granted appellee's petition to dismiss and discharged appellee. We reverse.

On February 7, 1975, the delinquency petition was filed in the lower court alleging that appellee was involved in a series of burglaries in Bucks County. Appellee requested that the case be certified to the Criminal Division for adult proceedings. On March 31, 1975, a hearing was held on this petition and appellee's petition was granted. The case was transferred on that date. On May 30, 1975, appellee was indicted. His case was listed for trial on June 16, 1975. Trial, however, was continued because of the lack of available court rooms.

On July 24, 1975, the Commonwealth petitioned for an extension of time pursuant to Pa.R.Crim.P. 1100(c) and a hearing on said petition was scheduled for August 11, 1975. On August 8, 1975, appellee, claiming the 180 day period commenced on February 7, 1975, and hence expired on August 6, 1975, filed a petition to dismiss pursuant to Pa.R.Crim.P. 1100(f). On August 11, 1975, after a hearing on both petitions, the lower court denied the Commonwealth's petition to extend and granted the appellee's petition to dismiss.

We need not decide whether or not the lower court was correct in denying the Commonwealth's petition for extension since we hold that the lower court did err in considering the delinquency petition as the starting point for computation of the 180 day period under Pa.R.Crim. P. 1100. The Supreme Court of Pennsylvania has clearly indicated to the contrary in Pa.R.Crim.P. 1(a) by excluding juvenile proceedings from the ambit of the Pennsylvania Rules of Criminal Procedure. Indeed, a major purpose for the establishment of specialized juvenile proceedings was to protect juveniles from the full thrust of adult criminal justice.

As a basis for its decision, the lower court places great reliance upon *Geiger Appeal*, 454 Pa. 51, 309 A.2d 559 (1973). We agree that the *Geiger* decision is important to the resolution of the problem; however, as we interpret *Geiger*, it in fact supports our decision to reverse.

The Pennsylvania Supreme Court in *Geiger, supra* at 56, 309 A.2d at 562 quoting Pa.R.Crim.P. 1(a), clearly recognizes that:

"Unless otherwise specifically provided, these rules shall not apply to *juvenile* or domestic *proceedings* nor to summary cases in Philadelphia County."

The court continues at page 57, 309 A.2d at page 563:

"We think it clear that the Criminal Rules apply until the point at which the powers of the Juvenile Court come into play under the Juvenile Court Law."

Although the situation presented in this appeal is a matter of first impression in this Commonwealth and is the reverse of the *Geiger* situation, we believe that the rationale of *Geiger* supports a holding that the Pennsylvania Rules of Criminal Procedure do not apply until the point at which the powers of the Criminal Court come into play. And, this holding is given added impetus when it is the juvenile that requests the Juvenile Court to certify the action to Criminal Court, as appellee did in the case before us.

It is true that the comment to Pa.R.Crim.P. 1100 states:

"For the purpose of this Rule only, it is intended that 'complaint' also includes special documents used in lieu of a complaint to initiate criminal proceedings in extraordinary circumstances."

However, we hold that a delinquency petition and any subsequent juvenile proceeding are not such "extraordinary circumstances" as contemplated by the Supreme Court as to justify the equating of the delinquency petition filed on February 7, 1975, with the filing of the complaint, where, as here, the juvenile proceedings are certified to criminal court for trial.

The 180 day period under Pa.R.Crim.P. 1100 commences at that point when the case comes within the powers of the Criminal Court, and hence within the ambit of the Rules of Criminal Procedure. The Order of Transfer then starts the commencement of the 180 day time period. We recognize that this holding also does not clearly meet the challenge of "a written complaint" as stated in Pa.R.Crim.P. 1100(a). However, it does clearly meet the intent of the Supreme Court in excluding juvenile proceedings from the operation of the Rules of Criminal Proceedings, and on balance insures to defendants the right to a speedy trial.

Since the Order certifying this case was entered on March 31, 1975, the Commonwealth was obligated to

commence appellee's trial prior to September 27, 1975, and not August 6, 1975, as concluded by the lower court.

We therefore reverse the order of the lower court and remand the case for trial.

WATKINS, President Judge, concurs in the result.

CERCONE, J., files a dissenting opinion.

CERCONE, Judge, dissenting:

The majority concludes that for the purposes of Rule 1100, the 180-day period starts to run when a case is certified to adult court rather than when a delinquency petition is filed in Juvenile Court. Rule 1100(a)(2) states: "Trial in a court case in which a complaint is filed against the defendant after June 30, 1974 shall commence no later· than one hundred eighty (180) days from the date on which the complaint is filed." To rationalize the majority opinion would require that certification to adult court be equated with the filing of a written complaint. Neither I, nor the majority itself, is willing to admit to such a strained interpretation in order to reach its result. Moreover, such an interpretation would also negate the intent of our Supreme Court as manifested in the following comment to Rule 1100: "For the purpose of this rule only, it is intended that 'complaint' also include special documents used in lieu of a complaint to initiate criminal proceedings in extraordinary circumstances." Even if it is conceded that juvenile delinquency petitions are not "special documents used in lieu of a complaint to initiate criminal proceedings in extraordinary circumstances," when read in context with the rule, the comment nevertheless clearly indicates that the word "complaint" was used to designate the point when criminal proceedings are initiated. In the instant case, proceedings were initiated by the filing of the delinquency petition in Juvenile Court, not by the certification of the case to adult court. While I agree with the majority that generally the intent

of the Supreme Court was to exclude juvenile proceedings from the operation of the rules of criminal procedure, I cannot agree that such an application under the facts of this case, limiting Rule 1100, insures the accused of his right to a speedy trial. The juvenile exclusion was intended to protect juveniles from the full thrust of adult criminal proceedings, rather than to deny juveniles the benefit of a speedy trial. The request for certification should merely justify an extension of time for the Commonwealth under Rule 1100(c), if needed. Accordingly, in my view, since the Commonwealth did not raise the question of certification in its petition for an extension, the lower court was correct in computing the 180-day period from the date of the filing of delinquency petition and granting appellee's motion to dismiss.