392 A.2d 691

**COMMONWEALTH of Pennsylvania**

v.

**David BELL, Appellant.**

Supreme Court of Pennsylvania.

Argued April 14, 1978.

Decided Oct. 5, 1978.

Richard S. Wasserbly, Asst. Public Defender, Doylestown, for appellant.

Stephen B. Harris, First Asst. Dist. Atty., Warrington, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM.

Order of the Superior Court, 245 Pa.Super. 164, 369 A.2d 345, affirmed.

POMEROY and MANDERINO, JJ., did not participate in the consideration of this case.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

The majority today holds that when a juvenile case is transferred to adult court, the 180 day period within which trial must be brought under Rule 1100 begins to run at the time of the transfer. I dissent. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977), is controlling. There we relied on the comment to Rule 1100 which indicates that the 180 day period is to commence when criminal proceedings are initiated. Here I would hold that proceedings were initiated by the filing of the delinquency petition in juvenile court.

Because the 180 day period began to run when the delinquency petition was filed, the Commonwealth failed to bring appellant to trial within the time mandated by Rule 1100. I would therefore reverse the order of the Superior Court and reinstate the trial court order, dismissing the charges with prejudice.