452 A.2d 768

**COMMONWEALTH of Pennsylvania**

v.

**Derrick SATCHELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1981.

Filed Nov. 12, 1982.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

Appellant was convicted on charges of three counts of burglary, three counts of robbery, and three counts of criminal conspiracy. He was subsequently sentenced to an indeterminate to six (6) years term under the Youthful Offender Act with four (4) years state probation to run consecutively thereto on two counts each of burglary and robbery, and one count of criminal conspiracy; three (3) to six (6) years at Camp Hill and four (4) years consecutive state probation on one count of criminal conspiracy; and, ten (10) years state probation concurrent with all other sentences on the remaining counts of burglary, robbery and criminal conspiracy. The above convictions resulted from two separate incidents involving appellant. Though a juvenile petition was filed against appellant following each arrest, he was certified for trial in adult criminal court on all charges.

Appellant sets forth several assignments of error herein alleging that the lower court erred (1) in certifying him to adult court when the Commonwealth failed to meet its burden of proof; (2) in refusing to grant appellant's motion to dismiss under Pa.R.Crim.P. 1100; (3) in denying his motion to suppress a certain statement; and, (4) in refusing to suppress both the lineup and in-court identifications made by a Commonwealth witness.

As to appellant's claim that the lower court erred in certifying him to adult court, the law is clear. The Commonwealth has the burden of establishing, on reasonable grounds, that a juvenile is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities. See, 42 Pa.C.S.A. § 6355(a)(4)(iii). A challenge to a certification order must demonstrate that the court committed a gross abuse of discretion. *Commonwealth v. Stokes,* 279 Pa.Super. 361, 421 A.2d 240 (1980). Such abuse is not merely an error of judgment, but the misapplication, or an overriding, of the law; or, the exercise of manifestly unreasonable judgment based on partiality, prejudice or ill will. *Commonwealth v. Bey,* 249 Pa.Super. 185, 375 A.2d

1304 (1977). We find no indications of manifestly unreasonable judgment on the part of the certification court herein.

■ The next assignment of error asserted by appellant is that his Pa.R.Crim.P. 1100 rights were violated. He argues that the 180 day period should have begun to run when the juvenile petition was filed and not when he was certified to adult court. We have rejected this argument on numerous occasions, and continue to do so. *See, e.g., Commonwealth v. Jackson,* 287 Pa.Super. 430, 430 A.2d 680 (1981); *Commonwealth v. Mitchell,* 283 Pa.Super. 455, 424 A.2d 897 (1981). *See also, Commonwealth v. Bell,* 245 Pa.Super. 164, 369 A.2d 345 (1976), *aff'd,* 481 Pa. 229, 392 A.2d 691 (1978); and, Pa.R.Crim.P. 1100(a)(3).

■ Appellant also contends that the lower court erred in denying his motion to suppress a certain in-custody statement. He specifically argues that he was not provided an opportunity to consult with an "interested adult" as mandated by precedential case law.[1]

Pa.R.Crim.P. 323 specifically states that

"(a) [t]he defendant or his attorney may make application to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.

.    .    .    .    .

(d) The motion shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof. . . ."

Appellant's motion to suppress his statement was phrased in general terms. His asserted basis for relief was that he "did not knowingly, intelligently and voluntarily waive his privilege against self incrimination or his right to counsel." During the hearing, defense counsel generally maintained that the suppression of appellant's statement was based on a

1. The Commonwealth argues that this issue has been waived. The question was argued at the suppression hearing, and included in appellant's post-verdict motions and statement of matters complained of on appeal. As a result, the issue has been preserved for our review. See, *Commonwealth v. McFadden,* 470 Pa. 604, 369 A.2d 1156 (1977).

violation of the juvenile's rights as required by case law and an unnecessary prearraignment delay. Immediately prior to the close of the hearing, appellant argued that the statement should be suppressed as he "did not have the advice of counsel, of the interested adult." Following expansion of that argument, the suppression court made the following interpretation on the record:

"You are saying that therefore [the interrogators] had to notify the attorney as the interested adult, and it wasn't sufficient to have [appellant's] mother and her boyfriend."

Counsel responded positively and added that under the circumstances the mother should not be viewed as an interested adult.

An interested adult has been defined by our Supreme Court as "one who is genuinely interested in the welfare of the accused juvenile . . . [and who has been] informed and [is] aware of those fifth and sixth amendment rights guaranteed to the juvenile." *Commonwealth v. Barnes,* 482 Pa. 555, 560, 394 A.2d 461, 464 (1978).

■ The record before us reveals that appellant was alone with his mother and stepfather for ten to fifteen minutes prior to making the challenged statement. Both adults actively participated in the *Miranda* colloquy. Our review of the record indicates that both adults, particularly the mother, were genuinely concerned about appellant's welfare. As a result, we find that the Commonwealth met its burden of establishing that prior to waiving his fifth amendment rights, appellant had an opportunity to consult with an interested adult. *Cf., Commonwealth v. McFadden,* 470 Pa. 604, 369 A.2d 1156 (1977); and, *Commonwealth v. Thomas,* 486 Pa. 568, 406 A.2d 1037 (1979). Appellant's suppression motion was, therefore, properly denied.

Appellant also contends that the lower court erred in refusing to suppress the lineup identification made by a Commonwealth witness, Mrs. Merriman. He argues that the lineup was unconstitutionally suggestive, and the resulting identification tainted the subsequent in-court identification.

In his suppression motion made prior to trial, appellant generally challenged all out-of-court identifications which would, of course, include Mrs. Merriman's. Mrs. Merriman's identification was specifically challenged in his post-verdict motions. However, in response to the lower court's order to comply with Pa.R.A.P. 1925(b),[2] appellant challenged the identification made by one Charles Drummond, but not that made by Mrs. Merriman.

The Commonwealth argues that as a result of this failure, appellant has waived this particular argument. An appellate court, however, may review a claim not presented in appellant's Pa.R.A.P. 1925(b) statement if the failure does not defeat effective appellate review. *Commonwealth v. Crowley,* 259 Pa.Super. 204, 393 A.2d 789 (1979). In the instant case, we will reach the merits of the issue as appellant's failure to raise this claim in his Rule 1925(b) statement does not defeat effective review. As this issue was the subject of testimony at the hearings on the suppression and post-verdict motions, the means for achieving a review of the claim is available to us. *Commonwealth v. Williams,* 269 Pa.Super. 544, 410 A.2d 835 (1979).

Appellant argues that the lineup from which he was identified by Mrs. Merriman was unconstitutionally suggestive; and, as a result, Mrs. Merriman's in-court identification was tainted. Suggestiveness alone does not warrant the exclusion of identification evidence, as a totality of the circumstances test is employed to determine the reliability of a challenged identification. *Commonwealth v. Ransome,* 485 Pa. 490, 402 A.2d 1379 (1979); *Commonwealth v. Sexton,* 485 Pa. 17, 400 A.2d 1289 (1979). The factors relevant to determining the reliability of the identification include:

"the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the

2. Pa.R.A.P. 1925(b): "If the lower court is uncertain as to the basis for the appeal, the lower court may by order direct the appellant forthwith to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matters complained of."

accuracy of prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself." *Commonwealth v. Kennedy,* 271 Pa.Super. 1, 8, 411 A.2d 1249, 1253 (1979), *quoting, Manson v. Braithwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977).

■ Our review of the record herein evinces that Mrs. Merriman's identification of appellant is free of impermissible suggestiveness and is reliable. Though all of the participants may not have been replicas of appellant, that does not provide a sufficient basis to overrule the findings of the lower court.[3] Application of the totality of the circumstances test to the identification made by the witness leads us to the finding that any suggestiveness which *may* have been present is outweighed by other factors. Furthermore, since we find the lineup identification to be reliable, we need not reach appellant's claim that the in-court identification was tainted.

Judgments of sentence affirmed.

**3.** The lower court found, after hearing testimony on the motion to suppress; that "[t]here was sufficient similarity that if you are going to make a bona fide identification out of that group, you have to know what you are doing in order to select Derrick Satchell."