664 A.2d 1046

**In the Interest of Robert McCORD, A/K/A Abdul Garrett.**

**Appeal of COMMONWEALTH of Pennsylvania.**

Superior Court of Pennsylvania.

Argued June 22, 1995.

Filed Sept. 13, 1995.

138

Karen A. Brancheau, Assistant District Attorney, Philadelphia, for the Commonwealth, appellant.

Stanley R. Krakower, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and OLSZEWSKI, JJ.

CAVANAUGH, Judge:

This is a Commonwealth appeal from a preadjudication denial of its petition to certify appellee Robert McCord for trial as an adult. A single issue has been raised for our review:

> Did the lower court err in denying the Commonwealth's petition to certify defendant for trial as an adult for serious felonies committed upon his escape from a juvenile facility, solely because the judge who had presided over the misdemeanor escape case and had no authority to certify in that case, committed defendant to a juvenile facility?

For the reasons which follow, we vacate and remand for a hearing on appellee's amenability to treatment as a juvenile.

The pertinent facts are as follows. Appellee, a minor, escaped from a juvenile facility at which he had been placed. While at large, he allegedly committed four armed robberies. He was subsequently arrested and charged with several criminal offenses relating to these alleged robberies. Following a certification hearing before the Honorable Joseph McCabe, Jr., appellee was held for court on four counts of robbery, one count of simple assault, four counts of theft by unlawful taking or disposition, four counts of theft by receiving stolen proper-

ty, three counts of terroristic threats and one count of false imprisonment.

The next day, another hearing was held before Judge McCabe to determine appellee's amenability to treatment as a juvenile. At the conclusion of this hearing, Judge McCabe denied the Commonwealth's petition to certify appellee as an adult. Judge McCabe based his decision on an order previously issued by the Honorable Abram Reynolds, which adjudicated appellee delinquent on the escape charge, found him amenable to treatment in the juvenile court system, and committed him to the Department of Public Welfare for placement in an appropriate facility. Judge McCabe stated that he believed that he was bound by Judge Reynolds' order, and thus, could not transfer the case for prosecution as a criminal matter. Following the entry of Judge McCabe's order, the Commonwealth filed this appeal.

Before we can address the issue raised by the Commonwealth, we must first determine whether the appeal is properly before this Court. The Juvenile Act, 42 Pa.C.S.A. § 6301 *et seq.*, governs the transfer of a case, involving a juvenile, to criminal court. The Act provides, in pertinent part, as follows:

§ 6355. **Transfer to criminal proceedings**

(f) **Transfer action interlocutory.**—The decision of the court to transfer or not to transfer the case shall be interlocutory.

42 Pa.C.S.A. § 6355(f). Both the trial court and appellee cite § 6355(f) to support their respective views that the Commonwealth's appeal is untimely, and that, consequently, it should be dismissed. However, § 6355(f), standing alone, is not dispositive of the appealability issue now before us. Rather, it is necessary to examine the caselaw interpreting this section.

In *Commonwealth v. Johnson*, 435 Pa.Super. 132, 645 A.2d 234 (1994) (en banc), *alloc. granted*, 539 Pa. 665, 652 A.2d 836 (1994), this Court examined both § 6355(f) and caselaw governing the appealability of a transfer order, in addressing a question closely related to the one in the present appeal. In *Johnson*, the Court considered whether the Commonwealth

could immediately appeal an order of a judge in the criminal division which transferred the case to the juvenile division of the court.[1] The Court concluded that § 6355(f) *only* applied to transfers from the juvenile division to the criminal division; but nonetheless found that the order at issue in *Johnson* was interlocutory. The Court went on to hold that such an order was immediately appealable despite its interlocutory nature, and in doing so, stated:

> The current facts are clearly distinguishable from those previously considered by the appellate courts of this Commonwealth. Thus, transfer orders like that before us must be treated differently since we are convinced that when the Commonwealth appeals an order transferring prosecution of a minor from the criminal division to the juvenile division *after* a juvenile adjudication and disposition has taken place, double jeopardy protections are implicated. In other words, if the Commonwealth does not immediately appeal the "interlocutory" transfer order which certifies the minor-murder-defendant for juvenile prosecution, it will be precluded by double jeopardy from "re-prosecuting" the juvenile as an adult. *See*, discussion, *infra*. An order which transfers the case from criminal to juvenile prosecution such as the one *sub judice* must be treated differently from its converse. Therefore, we hold that such a transfer order is an interlocutory order *which is immediately appealable*, since such an order terminates the "criminal" prosecution of the juvenile. *Cf., Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985); Pa.R.App.P. 311(d), Interlocutory Appeal as of Right ("[T]he Commonwealth may take an appeal as of right from an order that does not end the entire case but where the Commonwealth asserts that the order will terminate or substantially handicap the prosecution.")

1. We note that the defendant in *Johnson* was originally charged with murder and other related offenses in the criminal division of the court. Where a charge of murder has been filed, the criminal division of the court is vested with exclusive jurisdiction, and the juvenile division possesses only derivative jurisdiction by virtue of legislatively created transfer provisions. *See* 42 Pa.C.S.A. § 6322 (Transfer from criminal proceedings); 42 Pa.C.S.A. § 6355(e) (Murder).

142

*Id.* 435 Pa.Super. at 142, 645 A.2d at 239 (emphasis in original). The Court also contemplated the identical question we must now address, and stated:

> [T]he Commonwealth has never appealed an order denying transfer from the juvenile division to the criminal division. And, we question if such an appeal would not present the same double jeopardy problem as that faced herein.

*Id.* at 142 n. 6, 645 A.2d at 234 n. 6.

After careful review and consideration of the applicable statutory and caselaw, as well as the consequences of a Commonwealth appeal following the denial of its certification petition, we conclude that the same double jeopardy concerns at issue in *Johnson* are also implicated in this case. We conclude, therefore, just as the Court did in *Johnson,* that in these circumstances the Commonwealth may take an immediate appeal from the trial court's transfer order.

As noted in *Johnson,* an appeal by the juvenile from the transfer order must be treated differently than an appeal by the Commonwealth. Where a juvenile appeals the transfer of his case to the criminal division or the denial of transfer from the criminal division, double jeopardy protections are not implicated. Such orders are, in every sense, interlocutory, and are not appealable until judgment of sentence has been entered. The defendant's rights to contest the trial court's transfer decision are fully preserved pending final disposition of the case, and at that time may be vindicated on appeal. Despite the fact that the defendant may not immediately appeal the transfer order, he, in essence, lives to fight another day.[2]

2. Black's Law Dictionary defines the term "interlocutory" as follows: Provisional; temporary; not final. Something intervening between the commencement and the end of a suit which decides some point or matter, but is not a final decision of the whole controversy. Black's Law Dictionary p. 952 (rev. 4th ed. 1968). *See also Noll by Noll v. Harrisburg Area YMCA*, 537 Pa. 274, 643 A.2d 81 (1994) (an order is final, and not interlocutory, if it prevents a party from presenting the merits of its claim to the trial court). A transfer order which is adverse to the juvenile defendant is not a final decision of the whole controversy; nor does it foreclose retrial of the defendant as a juvenile if it is

■ The Commonwealth, on the other hand, with respect to an order which denies transfer to criminal court or grants transfer to juvenile court, is effectively deprived of review of the transfer order if it is required to wait until final disposition of the case before it may appeal. Once a defendant is the subject of an adjudication and disposition in juvenile court, principles of double jeopardy would, presumably, preclude the reprosecution of defendant as an adult. *See Johnson, supra.* The practical effect of not allowing the Commonwealth to immediately appeal the transfer order would be to render the trial court's "interlocutory order," a final order without any right of appeal. Thus, we conclude that an order denying certification of the juvenile defendant as an adult, effectively terminates the criminal prosecution of the juvenile. *See* Pa. R.A.P. 311(d) (Interlocutory Appeals as of Right; Commonwealth Appeals in Criminal Cases); *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985) (Commonwealth has right to appeal an order that does not end the entire case, but which the Commonwealth certifies will terminate or substantially handicap its prosecution). We, therefore, hold that an order, which denies transfer of the juvenile defendant's case to criminal court, is an interlocutory order which is immediately appealable.[3]

determined that the trial court abused its discretion in making the decision whether or not to transfer the case.

As will be discussed *infra,* a transfer order adverse to the Commonwealth, while not "a final decision of the whole controversy," is, in effect, a final decision regarding the propriety of prosecuting the juvenile as an adult. Although such an order is, nonetheless, still an interlocutory order, it possesses an aspect of finality such that we are loathe to treat it as purely interlocutory in nature.

3. We note that our decision in *Commonwealth v. Madden,* 342 Pa.Super. 120, 492 A.2d 420 (1985), also lends support to our decision. There, the juvenile defendant's case was transferred to the criminal division on petition of the Commonwealth. The juvenile then filed a petition for decertification which was granted by a judge of the criminal division. The Commonwealth immediately appealed this interlocutory order. On appeal, we quashed the decertification order and reinstated the criminal information, concluding that once the case was certified to criminal court it could not be transferred back to juvenile court. As this Court later noted in *Johnson, supra,* the panel in *Madden* "sub silentio* permitted an interlocutory appeal as of right from an order

Having determined that the Commonwealth's appeal is now properly before this Court, we turn to the issue raised for our consideration: whether the trial court erred in denying the Commonwealth's petition to certify defendant as an adult, where the court's decision was based solely on another judge's decision in a different case.[4]

■ As noted *supra*, Judge McCabe did not examine the merits of the Commonwealth's petition, nor did he make a finding with respect to appellee's amenability to treatment as a juvenile. Rather, in denying the Commonwealth's petition, he indicated that he could not transfer the case to criminal court because he was bound by Judge Reynolds' prior order which adjudicated appellee delinquent on the escape charge, and found him amenable to treatment as a juvenile. Judge McCabe's reasoning was apparently based upon the well-established principle that judges of coordinate jurisdiction sitting on the same court and in the same case, may not overrule each other's decisions in interlocutory matters. *See Madden, supra* 342 Pa.Super. at 126, 492 A.2d at 423; *Commonwealth v. Rodgers,* 413 Pa.Super. 498, 516, 605 A.2d 1228, 1237 (1992). This principle is not applicable in the present case however. Neither it nor § 6355(f) precludes a judge from making a different decision regarding the same defendant in a different case.

In *Commonwealth v. Sadler,* 301 Pa.Super. 228, 447 A.2d 625 (1982), we addressed the identical issue now before us. In *Sadler,* the defendant was charged with two unrelated robber-

which effectively terminated the criminal prosecution of the minor." *Johnson, supra* 435 Pa.Super. at 143, 645 A.2d at 240.

4. Appellee asserts that the decision, whether to grant or deny an application to transfer the case from juvenile court to criminal court, is within the sound discretion of the hearing judge, and will not be disturbed absent a gross abuse of the judge's broad discretion. *See Commonwealth v. Morningwake,* 407 Pa.Super. 129, 595 A.2d 158 (1991). We note, however, that Judge McCabe did not rule on the merits of the Commonwealth's petition, and thus, did not exercise his discretion. Rather, Judge McCabe, in essence, concluded that he was without jurisdiction to overrule Judge Reynolds' prior order. As such, the Commonwealth's appeal presents us with a question of law and we must determine whether Judge McCabe erred as a matter of law.

ies. Following an amenability hearing with respect to the first of these robberies, the juvenile court found defendant amenable to treatment as a juvenile, and committed him to a juvenile facility. Nearly a month later, an amenability hearing was held with regard to the second robbery. At that time, the court found the defendant not amenable to treatment as a juvenile, and transferred the case to criminal court, where defendant was subsequently convicted of several criminal offenses. The criminal court arrested judgment on defendant' convictions, concluding, *inter alia*, that the juvenile court had erred in certifying defendant to criminal court, because he had already been found amenable to treatment within the juvenile system, for a similar crime which had been committed the same day as the offense for which defendant had been tried in criminal court. On appeal, we reversed, stating:

> To certify a juvenile to criminal court in a noncapital case, the court must find, *inter alia*, that there is a prima facie case that the child has committed the offense charged, 11 P.S. § 50–325(a)(4), and that there are reasonable grounds to believe "that the child is not amenable to treatment, supervision or rehabilitation through available facilities," *Id.* § 50–325(a)(4)(i) (emphasis added)). In determining amenability, the court may consider "age, mental capacity, maturity, previous record and probation or institutional reports." *Id.*; *Commonwealth v. Greiner*, 479 Pa. 364, 369, 388 A.2d 698, 700 (1978). The juvenile court is thus required to determine whether the child is amenable *at the time of the hearing on that charge.* The trial court's holding that appellee's committing two crimes on the same day precluded the juvenile court from finding him amenable to one and not the other is untenable. The date of the commission of the crime is essentially irrelevant to the child's amenability. Appellee was charged with two unrelated crimes for which the Commonwealth sought certification to criminal court. Because of the unavailability of a witness in the instant case, there were two separate certification hearings. That he was found amenable to treatment at the time of the first certification hearing, did not preclude the juvenile court from

later determining upon a record containing additional evidence whether he was still amenable at the time of the second hearing.

*Id.* at 235, 447 A.2d at 628 (emphasis in original).

■ In the present case, the decision made by Judge Reynolds with regard to the escape case, was limited to that case, and does not affect other cases involving appellee which may come before the court.[5] The four robberies alleged to have been committed by appellee involved different cases and different evidence. Neither these cases nor any of this evidence was before Judge Reynolds. As such, Judge McCabe was not bound by the amenability finding in the escape case, and he was required to make an independent amenability determination based on the facts presented to him in conjunction with the Commonwealth's certification petition. *See* 42 Pa.C.S.A. § 6355(a)(4); *Commonwealth v. McDonald,* 399 Pa.Super. 250, 582 A.2d 328 (1990) (certification of a juvenile depends on a complex balancing of numerous factors). *See also Commonwealth v. Lux,* 299 Pa.Super. 136, 445 A.2d 185 (1982) (juvenile court may not abdicate its duty to determine if juvenile is amenable to treatment within the juvenile system); *Commonwealth v. McKee,* 307 Pa.Super. 12, 452 A.2d 878 (1982) (same).

Having found that the court erred in denying the Commonwealth's certification petition solely on the basis of a prior ruling by another judge, we vacate the trial court's order and remand the case for a *de novo* hearing on appellee's amenability to treatment as a juvenile.

Order vacated. Case remanded for a hearing consistent with this Opinion. Jurisdiction relinquished.

5. We note that the escape charge appellee faced before Judge Reynolds was graded as a second degree misdemeanor. Pursuant to the Juvenile Act, 42 Pa.C.S.A. § 6355(a)(4)(ii), a case involving a juvenile will only be transferred to criminal court where the delinquent act committed by the juvenile would be considered a felony if committed by an adult. Thus, Judge Reynolds' finding that appellee was amenable to treatment as a juvenile was superfluous, as, in any event, appellee could not have been transferred to criminal court on the basis of the misdemeanor escape charge.